IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OHIO COUNTY DEVELOPMENT AUTHORITY,
a West Virginia public corporation
and CABELA'S WHOLESALE, INC.,
a Nebraska corporation,

    Plaintiffs,

v.                            Civil Action No. 5:09CV27
                                     (STAMP)
PEDERSON & PEDERSON, INC.,
CAST & BAKER CORPORATION,
PENNSYLVANIA SOIL AND ROCK INCORPORATED
and PROFESSIONAL SERVICE INDUSTRIES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PROFESSIONAL SERVICE INDUSTRIES, INC.'S
MOTION TO DISMISS CO-DEFENDANT
CAST & BAKER CORPORATION, INC.'S CROSS-CLAIM
FOR EXPRESS INDEMNITY**

I.  <u>Procedural History</u>

The plaintiffs, Ohio County Development Authority ("OCDA") and Cabela's Wholesale, Inc. ("Cabela's"), filed a complaint against Pederson & Pederson, Inc. ("Pederson"), Cast & Baker Corporation ("Cast & Baker"), Pennsylvania Soil and Rock, Inc. ("Pennsylvania Soil and Rock"), and Professional Service Industries, Inc. ("PSI") for negligence, professional negligence, breach of contract, breach of express warranties, and breach of implied warranties stemming from the engineering and construction of the commercial distribution center located in Ohio County, owned by plaintiff OCDA and leased by Cabela's. The defendants removed this case from the Circuit Court of Ohio County, West Virginia. The plaintiffs settled their claims against defendants Pedersen and Pennsylvania

Soil and Rock.  This Court entered an order on August 7, 2009, dismissing with prejudice the plaintiffs' claims and any cross-claims against those defendants.  Defendant Cast & Baker filed a cross-claim against PSI for contribution and/or indemnity.  PSI filed a motion to dismiss the cross-claims.  This Court denied PSI's motion to dismiss Cast & Baker's cross-claims for implied indemnity and contribution and granted PSI's motion to dismiss Cast & Baker's cross-claim for express indemnity without prejudice because Cast & Baker did not properly state a claim for express indemnity.  This Court granted Cast & Baker leave to amend its cross-claim for express indemnity.  Thereafter, Cast & Baker amended its cross-claim for express indemnity.  PSI filed a motion to dismiss the amended cross-claim to which Cast & Baker responded.  PSI did not file a reply.  For the reasons set forth below, PSI's motion to dismiss the cross-claim for express indemnity is denied.

## II.  Facts[1]

Plaintiff OCDA owns a commercial distribution facility in Ohio County, West Virginia, which it leases to plaintiff Cabela's.  In 2004, the plaintiffs decided to expand the facility.  Because the facility was constructed on mountainous terrain, the expansion was built on a "dirt pad."  Defendant Pedersen served as the civil engineer for the design and development of the facility site.

---

[1]In accordance with the applicable standard of review, stated below concerning a motion to dismiss, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

Defendant Cast & Baker conducted earthwork construction, building pad construction, grading, drainage, sewer, erosion control, and other related matters in the expansion project. Defendant Pennsylvania Soil and Rock performed services and provided equipment and materials in connection with the preparation, excavation, boring, analysis, testing and other related matters pertaining to geotechnical, surface, and subsurface preparation of the building site. Defendant PSI performed services and provided equipment and materials in connection with the analysis, testing, and other related matters pertaining to geotechnical, surface, and subsurface preparation of the building site in connection with the expansion. Defendant PSI did not enter into a contract with the plaintiffs. Instead, PSI contracted to perform work for defendant Cast & Baker.

After completion of the expansion, Cabela's representatives noticed that the floor of the expansion was sinking and cracking. The plaintiffs allege that an investigation showed that the dirt pad was improperly constructed, causing the cracks and sinking. The plaintiffs allege that certain earthen and fill materials in the facility's foundation were either undetected or improperly allowed to remain there. Further, the plaintiffs allege that the fill materials used in constructing the dirt pad were not properly compacted and monitored. The plaintiffs seek at least $8,402,731.00 in damages.

III. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the

allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

Cast & Baker's amended cross-claim for express indemnity is based on an oral agreement.  PSI contends that it is axiomatic that a claim for express indemnity must be based on a written agreement. Cast & Baker disagrees, stating that a claim for express indemnity can be based on an oral agreement.

In West Virginia, for a party to recover under an express indemnity theory, that party must show a clear and definite contractual provision indicating the intention to indemnity against a certain liability.  Sellers v. Owens-Ill. Glass Co., 191 S.E.2d 166, 169-70 (W. Va. 1972).  The West Virginia Supreme Court of Appeals has repeatedly recognized the two basic types of indemnity

allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

Cast & Baker's amended cross-claim for express indemnity is based on an oral agreement.  PSI contends that it is axiomatic that a claim for express indemnity must be based on a written agreement. Cast & Baker disagrees, stating that a claim for express indemnity can be based on an oral agreement.

In West Virginia, for a party to recover under an express indemnity theory, that party must show a clear and definite contractual provision indicating the intention to indemnity against a certain liability.  Sellers v. Owens-Ill. Glass Co., 191 S.E.2d 166, 169-70 (W. Va. 1972).  The West Virginia Supreme Court of Appeals has repeatedly recognized the two basic types of indemnity

in West Virginia, stating that there is "express indemnity, based on a written agreement, and implied indemnity, arising out of the relationship between the parties." Syl. pt. 1, Valloric v. Dravo Corp., 357 S.E.2d 207 (W. Va. 1987). However, that court has never directly addressed the issue of whether it is possible for a party to have a cause of action for express indemnity based upon an oral agreement. While this Court acknowledges the West Virginia Supreme Court of Appeals' reference to express indemnity being based on a written contract, this Court believes that phrase is dictum. In explaining the fundamental distinctions between express indemnity and implied indemnity, the court stated that "an express indemnity agreement can provide the person having the benefit of the agreement, the indemnitee, indemnification even though the indemnitee is at fault." Id. The Court went on to state that this result is allowed "because express indemnity agreements are based on contract principles" and that courts have "enforced indemnity contract rights so long as they are not unlawful." Id. This Court believes that because contract principles apply to oral contracts and because oral contracts are lawful, there is probably no express requirement that an agreement for express indemnity must be in writing in West Virginia. At this stage, a ruling by this Court would be premature on this cross-claim as the cross-claimant has set forth enough facts in its cross-claim to comply with pleading requirements under Twombly. Of course, as stated above, the cross-claimant will need to prove the express indemnity through a "clear

6

and definite contractual provision." Accordingly, PSI's motion to dismiss the amended cross-claim is denied.

## V. Conclusion

For the reasons set forth above, defendant Professional Service Industries, Inc.'s motion to dismiss the complaint is DENIED. Further, defendant Professional Service Industry, Inc.'s motion to dismiss the cross-claims of defendant Cast & Baker Corporation is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 30, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE